Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Cindy Chan (SBN 247495)
cchan@blakelylawgroup.com
Jessica C. Covington (SBN 301816)
jcovington@blakelylawgroup.com
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401

*Attorneys for Plaintiff*
*Deckers Outdoor Corporation*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware Corporation,<br><br>            Plaintiff,<br><br>      v.<br><br>GFX MARKETING, CORP., a California Corporation; and DOES 1-10, inclusive,<br><br>            Defendant. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF:**<br><br>1. **TRADE DRESS INFRINGEMENT;**<br>2. **PATENT INFRINGEMENT - U.S. PATENT NO. D599,999;**<br>3. **PATENT INFRINGEMENT - U.S. PATENT NO. D582,650;**<br>4. **TRADE DRESS INFRINGEMENT UNDER CALIFORNIA COMMON LAW;**<br>5. **UNFAIR COMPETITION CALIFORNIA UNFAIR BUSINESS PRACTICES ACT, CAL. BUS. & PROF. CODE, § 17200, ET. SEQ.;**<br>6. **UNFAIR COMPETITION UNDER CALIFORNIA COMMON LAW**<br><br>**JURY TRIAL DEMANDED** |

**Plaintiff Deckers Outdoor Corporation** for its claims against **Defendant GFX Marketing, Corp.**, respectfully alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff files this action against Defendant for trade dress infringement and unfair competition under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act"), patent infringement arising under the patent laws of the United States, and for related claims under the statutory and common law of the state of California. This Court has subject matter jurisdiction over the claims alleged in this action pursuant to 28 U.S.C. §§ 1331, 1338.

2. This Court has personal jurisdiction over Defendant because Defendant is incorporated, domiciled, and/or do business within this judicial district.

3. This action arises out of wrongful acts by Defendant within this judicial district and Plaintiff is located and has been injured in this judicial district by Defendant's alleged wrongful acts. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the claims asserted arise in this district.

## THE PARTIES

4. Plaintiff Deckers Outdoor Corporation ("Deckers") is a corporation organized and existing under the laws of the state of Delaware with an office and principal place of business in Goleta, California. Deckers designs and markets footwear identified by its famous UGG® trademark and other famous trademarks.

5. Upon information and belief, Defendant GFX Marketing, Corp. ("GFX") is a corporation duly organized and existing under the laws of the state of California with an office and principal place of business at 12745 Foothill Boulevard, Sylmar, California 91342.

6. Plaintiff is unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names. Plaintiff will seek leave to amend this complaint when their true names and capacities are ascertained. Plaintiff is informed and believes and based thereon alleges that said Defendant and DOES 1 through 10, inclusive, are in some manner responsible for the

wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendant and was acting within the course and scope of said agency and employment.

7.  Plaintiff is informed and believes, and based thereon alleges, that at all relevant times herein, Defendant and DOES 1 through 10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior. Plaintiff further alleges that Defendant and DOES 1 through 10, inclusive, have a non-delegable duty to prevent or not further such acts and the behavior described herein, which duty Defendant and DOES 1 though 10, inclusive, failed and/or refused to perform.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A.  Deckers UGG® Brand

8.  Deckers has been engaged in the design, distribution, marketing, offering for sale, and sale of footwear since 1975. Deckers is currently the owner of eight brands of footwear that are offered nationwide and worldwide - UGG®, Teva®, Sanuk®, Tsubo®, Ahnu®, Hoka One One®, Mozo®, and I♥UGG®.

9.  Deckers' UGG® brand remains one of the most recognized and relevant comfort shoe brands in the industry. Since 1978, when the UGG® brand was founded, the popularity of UGG® boots has steadily grown across the nation and even the globe. The UGG® brand has always been and remains highly coveted by consumers. This commitment to quality has helped to propel the UGG® brand to its current, overwhelming level of popularity and cemented its status as a luxury brand.

10. It has now been fifteen years since UGG® boots were first featured on Oprah's Favorite Things® in the year 2000, and Oprah emphatically declared on national television how much she "LOOOOOVES her UGG boots." The popularity of UGG® brand footwear has grown exponentially since then with celebrities including Kate Hudson and Sarah Jessica Parker among myriad others regularly donning them.

UGG® sheepskin boots have become a high fashion luxury item and can be found on fashion runways around the world.

11. Deckers' UGG® products are distributed and sold to consumers through authorized retailers throughout the United States at point of sale and on the Internet, including through its UGG® Concept Stores and its website www.uggaustralia.com.

**B. Defendant's Infringing Activities**

12. Upon information and belief, Defendant GFX is engaged in the manufacture, distribution, design, advertisement, marketing, offering for sale, and/or sale of "ALPINE SWISS" branded footwear.

13. The present lawsuit arises from Defendant's willful infringement of Deckers' UGG® boot designs, to which Deckers owns design patents and/or trade dress rights, including rights to the UGG® "Bailey Button" boot and "Cardy" boot ("Infringing Products").

14. Deckers is informed and believes and herein alleges that Defendant is a competitor and has copied Deckers' boot designs in an effort to exploit Deckers' reputation in the market.

15. Upon information and belief, Defendant may have sold additional products that infringe upon Deckers' design patents and trade dresses. Deckers may seek leave to amend as additional information becomes available through discovery.

16. Deckers has not granted a license or any other form of permission to GFX with respect to any of its trademarks, design patents, trade dress, or other intellectual property.

17. Deckers is informed and believes and herein alleges that Defendant has acted in bad faith and that Defendant's acts have misled and confused and were intended to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant's Infringing Products with Deckers, or as to the origin, sponsorship, or approval of Defendant's Infringing Products by Deckers.

## FIRST CLAIM FOR RELIEF

## (Trade Dress Infringement - 15 U.S.C. § 1125(a))

18. Deckers incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

19. The UGG® Bailey Button boot was introduced in 2009 and the "Bailey Button Boot Trade Dress" is unique and distinctive, consisting of a combination of the following non-functional elements:

- Classic suede boot styling made famous by the UGG® brand;
- Overlapping of front and rear panels on the lateral side of the boot shaft;
- Curved top edges on the overlapping panels;
- Exposed fleece-type lining edging the overlapping panels and top of the boot shaft; and
- One or more buttons (depending on the height of the boot) prominently featured on the lateral side of the boot shaft adjacent the overlapping panels.

(hereinafter "Bailey Button Boot Trade Dress")

  

20. The Bailey Button Boot Trade Dress was an original design by Deckers and the elements thereof are nonfunctional and their distinctive quality has achieved a high degree of consumer recognition and secondary meaning, which serves to identify Deckers as the source of high-quality goods.

21. The Bailey Button Boot Trade Dress is one of the most well-recognized and commercially successful styles of Deckers' UGG® brand of footwear, having been

featured on Deckers' advertising and promotional materials as well as in various trade publications. Deckers' Bailey Button boot receives much unsolicited media attention and various celebrities can be seen wearing UGG® boots with the Bailey Button Boot Trade Dress.

22. Deckers has spent substantial time, effort, and money in designing, developing, advertising, promoting, and marketing the UGG® brand and its line of footwear embodying the Bailey Button Boot Trade Dress. Deckers' efforts have been successful and Deckers has sold a substantial amount of UGG® boots bearing the Bailey Button Boot Trade Dress.

23. Due to its long use, extensive sales, and significant advertising and promotional activities, Deckers' UGG® Trademark and Bailey Button Boot Trade Dress have achieved widespread acceptance and recognition among the consuming public and trade throughout the United States.

24. Furthermore, the Bailey Button Boot Trade Dress has been featured in connection with various celebrities, has received a large volume of unsolicited media attention, and has graced the pages of many popular magazines nationwide and internationally.

25. The Infringing Products produced, distributed, advertised and offered for sale by Defendant bear nearly identical reproductions of the Bailey Button Boot Trade Dress, such as to cause a likelihood of confusion as to the source, sponsorship or approval by Deckers of Defendant's products.

26. Defendant's use of Deckers' Bailey Button Boot Trade Dress is without Deckers' permission or authority and in total disregard of Deckers' rights to control its intellectual property.

27. Defendant's use of Deckers' Bailey Button Boot Trade Dress is likely to lead to and result in confusion, mistake or deception, and is likely to cause the public to believe that Defendant's products are produced, sponsored, authorized, or licensed by or that are otherwise connected or affiliated with Deckers, all to the detriment of

1  Deckers.

2  28. Deckers has no adequate remedy at law.

3  29. In light of the foregoing, Deckers is entitled to injunctive relief prohibiting Defendant from using Deckers' Bailey Button Boot Trade Dress, or any designs confusingly similar thereto, and to recover all damages, including attorneys' fees, that Deckers has sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of its infringing acts alleged above in an amount not yet known, as well as the costs of this action.

## SECOND CLAIM FOR RELIEF

### (Patent Infringement - U.S. Patent No. D599,999)

30. Deckers incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

31. Deckers is the owner of numerous design patents to the various styles of footwear it offers under its UGG® brand. These design patents include but are not limited to the "Bailey Button" boot (U.S. Patent No. D599,999 issued on September 15, 2009), a true and correct copy of which is attached hereto and incorporated herein as Exhibit A (hereinafter " '999 Patent").

32. Deckers is the owner by assignment of all right, title and interest in and to the '999 Patent.

33. Defendant has knowingly and intentionally imported, used, caused to be produced, distributed, advertised, marketed, offered for sale, and/or sold footwear that is substantially similar to the '999 Patent in direct violation of 35 U.S.C. § 271. An example of the Infringing Product is shown below:

  

**UGG® Bailey Button Boot Design Patent D599,999**     **UGG® Bailey Button Boot**     **Defendant's Infringing Boot**

34. Defendant's aforesaid infringing acts are without Deckers' permission or authority and are in total disregard of Deckers' right to control its intellectual property.

35. As a direct and proximate result of Defendant's infringing conduct, Deckers has been injured and will continue to suffer injury to its business and reputation unless Defendant is restrained by this Court from infringing Deckers' the '999 Patent.

36. Defendant's acts have damaged and will continue to damage Deckers, and Deckers has no adequate remedy at law.

37. Deckers marks all footwear products embodying the design of the '999 Patent with "Pat. No. 599,999" on a product label in compliance with 35 U.S.C. § 287.

38. Given the widespread popularity and recognition of Deckers' Bailey Button boot and the patent notice provided on the products themselves, Deckers avers and hereon alleges that Defendant had pre-suit knowledge of Deckers' rights to the '999 Patent and has intentionally copied said design on its own brand of products in an effort to pass them off as if they originated, are associated with, are affiliated with, are sponsored by, are authorized by, and/or are approved by Deckers.

39. On information and belief, Defendant's acts herein complained of constitute willful acts and intentional infringement of the '999 Patent.

40. In light of the foregoing, Deckers is entitled to injunctive relief prohibiting Defendant from infringing the '999 Patent and to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to

35 U.S.C. § 289. Deckers is also entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## THIRD CLAIM FOR RELIEF

### (Patent Infringement - U.S. Patent No. D582,650)

41. Deckers incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

42. Deckers is the owner of numerous design patents to the various styles of footwear it offers under the UGG® brand, including the Bailey Button Design Patent referenced above as well as the "Cardy" boot (U.S. Patent No. D582,650 issued on December 16, 2008), a true and correct copy of which is attached hereto and incorporated herein as Exhibit B (hereinafter " '650 Patent")

43. Plaintiff Deckers Outdoor Corporation is the owner by assignment of all right, title and interest in and to the '650 Patent.

44. Defendant has knowingly and intentionally imported, used, caused to be produced, distributed, advertised, marketed, offered for sale, and/or sold footwear that is substantially similar to the '650 Patent in direct violation of 35 U.S.C. § 271. An example of the Infringing Product is shown below:


**UGG® Cardy Boot Design Patent D582,650**


**UGG® Cardy Boot**


**Defendant's Infringing Boot**

45. Defendant's aforesaid infringing acts are without Deckers' permission or authority and are in total disregard of Deckers' right to control its intellectual property.

46. As a direct and proximate result of Defendant's infringing conduct, Deckers has been injured and will continue to suffer injury to its business and reputation unless Defendant is restrained by this Court from infringing Deckers' '650 Patent.

47. Defendant's acts have damaged and will continue to damage Deckers, and Deckers has no adequate remedy at law.

48. On information and belief, Defendant's acts herein complained of constitute willful acts and intentional infringement of the '650 Patent.

49. Deckers marks all footwear products embodying the design of the '650 Patent with "Pat. No. D582,650" on a product label in compliance with 35 U.S.C. § 287.

50. Given the widespread popularity and recognition of Deckers' Bailey Button boot and the patent notice provided on the products themselves, Deckers avers and hereon alleges that Defendant had pre-suit knowledge of Deckers' rights to the '650 Patent and has intentionally copied said design on its own brand of products in an effort to pass them off as if they originated, are associated with, are affiliated with, are sponsored by, are authorized by, and/or are approved by Deckers.

51. On information and belief, Defendant's acts herein complained of constitute willful acts and intentional infringement of the '650 Patent.

52. In light of the foregoing, Deckers is entitled to injunctive relief prohibiting Defendant from infringing the '650 Patent and to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289. Deckers is also entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## FOURTH CLAIM FOR RELIEF

**(Trade Dress Infringement under California Common Law)**

53. Deckers incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

54. Defendant's infringement of the Bailey Button Boot Trade Dress constitutes common law trade dress infringement in violation of the common law of the state of California.

55. Defendant's unauthorized use of the Bailey Button Boot Trade Dress has caused and is likely to cause confusion as to the source of Defendant's products, all to the detriment of Deckers.

56. Defendant's acts are willful, deliberate, and intended to confuse the public and to injure Deckers.

57. Deckers has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendant's infringing conduct, unless it is enjoined by this Court.

58. The conduct herein complained of was extreme, outrageous, and was inflicted on Deckers in reckless disregard of Deckers' rights. Said conduct was despicable and harmful to Deckers and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendant, and to deter it from similar such conduct in the future.

59. In light of the foregoing, Deckers is entitled to injunctive relief prohibiting Defendant from infringing the Bailey Button Boot Trade Dress, and to recover all damages, including attorneys' fees, that Deckers has sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of its infringing acts alleged above in an amount not yet known, and the costs of this action.

## FIFTH CLAIM FOR RELIEF

**(Unfair Competition California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, et. seq.)**

60. Deckers incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

61. Defendant's appropriation, adoption and use of the Bailey Button Boot Trade Dress and UGG® Design Patents (refers collectively to '999 Patent and '650

Patent) in connection with the sale and offering for sale of footwear is likely to confuse or mislead consumers into believing that Defendant's goods are authorized, licensed, affiliated, sponsored, and/or approved by Deckers, thus constituting a violation of the California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, et. seq.

62. The deceptive, unfair and fraudulent practices set forth herein have been undertaken with knowledge by Defendant willfully with the intention of causing harm to Deckers and for the calculated purpose of misappropriating Deckers' goodwill and business reputation.

63. Defendant's use of Deckers' Bailey Button Boot Trade Dress and UGG® Design Patents has deprived Deckers of the right to control the use of its intellectual property.

64. As a direct and proximate result of Defendant's unlawful infringement, Deckers has suffered damages and will continue to suffer damages in an amount that is not presently ascertainable but will be proven at trial. Deckers is entitled to all available relief provided for in California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, et. seq. including permanent injunctive relief.

65. Defendant committed the acts alleged herein intentionally, fraudulently, maliciously, willfully, wantonly and oppressively, with intent to injure Deckers in its business and with conscious disregard for Deckers' rights, thereby justifying awards of punitive and exemplary damages in amounts sufficient to punish and to set an example for others.

## SIXTH CLAIM FOR RELIEF

### (Unfair Competition Under California Common Law)

66. Deckers incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

67. Defendant's infringement of the Bailey Button Boot Trade Dress and UGG® Design Patents constitutes unfair competition in violation of the common law of the state of California.

68. Defendant is a competitor of Deckers and has copied Deckers' boot designs in an effort to exploit Deckers' reputation in the market.

69. Defendant's infringing acts were intended to capitalize on Deckers' goodwill associated therewith for Defendant's own pecuniary gain. Deckers has expended substantial time, resources and effort to obtain an excellent reputation for its brands of footwear. As a result of Deckers' efforts, Defendant is now unjustly enriched and are benefiting from property rights that rightfully belong to Deckers.

70. Defendant's acts are willful, deliberate, and intended to confuse the public and to injure Deckers.

71. Deckers has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendant's infringing conduct, unless it is enjoined by this Court.

72. The conduct herein complained of was extreme, outrageous, and was inflicted on Deckers in reckless disregard of Deckers' rights. Said conduct was despicable and harmful to Deckers and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendant, and to deter it from similar such conduct in the future.

73. In light of the foregoing, Deckers is entitled to injunctive relief prohibiting Defendant from infringing the Bailey Button Boot Trade Dress and UGG® Design Patents and to recover all damages, including attorneys' fees, that Deckers has sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of its infringing acts alleged above in an amount not yet known, and the costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Deckers Outdoor Corporation respectfully prays for judgment against Defendant, as follows:

1. A Judgment that Defendant has infringed Deckers' Bailey Button Boot Trade Dress and UGG® Design Patents and that said infringement was willful;

2. An order granting temporary, preliminary and permanent injunctive relief restraining and enjoining Defendant, its agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with any of them from using Deckers' intellectual property, including, but not limited to:

    a. manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling the Infringing Products or any other products which bear Deckers' Bailey Button Trade Dress or any designs confusingly similar thereto and/or products bearing designs that infringe upon the UGG® Design Patents and/or the overall appearance thereof;

    b. engaging in any other activity constituting unfair competition with Deckers, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements used or owned by or associated with Deckers; and

    c. committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendant is licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Deckers;

3. Ordering Defendant to recall from any distributors and retailers and to deliver to Deckers for destruction or other disposition all remaining inventory of all Infringing Products and related items, including all advertisements, promotional and marketing materials therefore, as well as means of making same;

4. Ordering Defendant to file with this Court and serve on Deckers within thirty (30) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

5. Ordering an accounting by Defendant of all gains, profits and advantages derived from its wrongful acts pursuant to 15 U.S.C. § 1117(a) and 35 U.S.C. § 289;

6. Awarding Deckers all of Defendant's profits and all damages sustained by Deckers as a result of Defendant's wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate;

7. Increasing the damages up to three times the amount found or assessed under 35 U.S.C. § 284;

8. Awarding treble damages in the amount of Defendant's profits or Deckers' damages, whichever is greater, for willful infringement;

9. Finding that this is an exceptional case under 35 U.S.C. § 285 and 15 U.S.C. § 1117 and awarding attorneys' fees there under;

10. Awarding applicable interest, costs, disbursements and attorneys' fees;

11. Awarding Deckers' punitive damages in connection with its claims under California law; and

12. Such other relief as may be just and proper.

Dated: February 3, 2015         BLAKELY LAW GROUP

By: _____
Brent H. Blakely
Cindy Chan
Jessica C. Covington
*Attorneys for Plaintiff*
*Deckers Outdoor Corporation*

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Deckers Outdoor Corporation hereby demands a trial by jury as to all claims in this litigation.

Dated: February 3, 2015         BLAKELY LAW GROUP

By: _____
Brent H. Blakely
Cindy Chan
Jessica C. Covington
*Attorneys for Plaintiff*
*Deckers Outdoor Corporation*